861 So.2d 506 (2003)
Jeb BUSH, Governor of the State of Florida, Petitioner,
v.
Michael SCHIAVO, as Guardian of the person of Theresa Marie Schiavo, Respondent.
No. 2D03-5244.
District Court of Appeal of Florida, Second District.
December 10, 2003.
*507 Kenneth L. Connor of Wilkes & McHugh, P.A., Tampa, for Petitioner.
George J. Felos of Felos & Felos, P.A., Dunedin, for Respondent.
PER CURIAM.
The petition for writ of prohibition filed by Jeb Bush, Governor of the State of Florida, challenges the circuit judge's denial of the Petitioner's motion to disqualify the judge from presiding over further proceedings. In this motion Petitioner argued that disqualification was merited because the judge characterized chapter 2003-418, Laws of Florida, as "presumptively unconstitutional"; because he stated that this legislation is currently depriving Theresa Schiavo of her right to privacy; and because the circuit judge read from prepared notes in making a ruling, demonstrating that he had prejudged the matter before hearing argument. We deny the requested relief.
On the day that chapter 2003-418 became law, Petitioner exercised the authority it conveyed to him and ordered the reintroduction of hydration and sustenance to Mrs. Schiavo, effectively overruling the order of the probate division of the circuit court undertaken as a result of this court's mandate in Schindler v. Schiavo (In re Guardianship of Schiavo), 851 So.2d 182 (Fla. 2d DCA), review denied, 855 So.2d 621 (Fla.2003) (table decision).[1] This original prohibition proceeding grows out of an action instituted in the civil division of the circuit court by Michael Schiavo, Mrs. Schiavo's husband and guardian, to test the constitutionality of chapter 2003-418. From that circuit court case this court currently has pending an interlocutory appeal that challenges rulings by the circuit court on venue and personal jurisdiction. Bush v. Schiavo, No. 2D03-5123. The comments of the circuit judge that prompted Petitioner's motion to disqualify him arose in connection with a ruling on the propriety of a stay of the circuit court proceedings during the pendency of the interlocutory appeal.

*508 I. Presumptive Unconstitutionality

As the legislature has recognized, chapter 2003-418 implicates the right of privacy. Fla. S. Comm. on Rules & Calendar, SB 12-E (2003) Staff Analysis 3 (rev.Oct.21, 2003) (on file with comm.). A legislative act impinging on the right of privacy is presumptively unconstitutional unless proved valid by the State. N. Fla. Women's Health & Counseling Servs., Inc. v. State, 28 Fla. L. Weekly S549, S552, ___ So.2d ___, ___, 2003 WL 21546546 (Fla. July 10, 2003). The circuit judge's statement that this legislation is presumptively unconstitutional simply announced the standard by which he believes the constitutionality of the statute is to be measured and is therefore legally insufficient to create a well-founded fear of prejudice or bias.

II. Deprivation of Theresa Schiavo's Right to Privacy
In its order lifting the automatic stay provided for by Florida Rule of Appellate Procedure 9.310(b)(2), the circuit judge concluded that the subject legislation and the Governor's Executive Order interfered with Mrs. Schiavo's right of privacy. Review of orders from the probate case and this court's opinions on the matter would lead a reasonable person to that conclusion. This court, when affirming the probate judge's final judgment authorizing discontinuance of artificial life support for Mrs. Schiavo, alluded to the role of the right of privacy in matters of this kind. Schindler v. Schiavo (In re Guardianship of Schiavo), 780 So.2d 176, 179 (Fla. 2d DCA), review denied, 789 So.2d 348 (Fla. 2001) (table decision). In a subsequent decision from this court, Schindler v. Schiavo (In re Guardianship of Schiavo), 792 So.2d 551, 564 (Fla. 2d DCA 2001), this court emphasized that the courts are attempting to honor Mrs. Schiavo's constitutional right of privacy as it affects her medical decisions. Implicit in the most recent decision from this court reviewing action of the probate court, again affirming the probate court's order to discontinue hydration and sustenance for Mrs. Schiavo, is a determination that her right to privacy is infringed by utilization of life-prolonging procedures. Schindler, 851 So.2d 182; see also In re Guardianship of Browning, 568 So.2d 4, 13 (Fla.1990) (holding that a surrogate or proxy may exercise the constitutional right of privacy for an incompetent person who, while competent, expressed his or her wishes to discontinue artificial life-prolonging procedures).
The circuit judge's reference to the infringement upon Mrs. Schiavo's rights was offered in support of his decision to lift the automatic stay and was thus part of his legal analysis. More important, a determination that legislation impinges on a person's right to privacy is not equivalent to a conclusion that the legislation suffers from constitutional infirmity. See Winfield v. Div. of Pari-Mutuel Wagering, Dep't of Bus. Regulation, 477 So.2d 544, 547 (Fla.1985) (holding that constitutionally protected privacy rights, when invaded by legislation, must yield to a compelling governmental interest when demonstrated). The Petitioner's assertion that the circuit judge had prejudged the case by concluding that Mrs. Schiavo's right of privacy was invaded by the subject legislation, in view of legal precedent so holding, is legally insufficient to instill a well-founded fear of prejudice or bias. The circuit judge's comments constitute legal views that reflect the reported appellate decisions of the probate contest between Mr. Schiavo and the Schindlers.

III. The Circuit Court's Reliance on Prepared Notes
Petitioner reports that when the circuit judge orally lifted the automatic *509 stay pending the interlocutory appeal in this court, he consulted notes that had been prepared in advance, thus signaling his predisposition to rule against the Petitioner prior to the hearing. The record of the hearing in the circuit court establishes that Petitioner was able to fully argue his position at the hearing. Furthermore, the judge took a recess after the arguments were concluded to consider his decision before making his ruling. The performance of preliminary research and the preparation of notes by a judge in anticipation of a hearing, without more, are not sufficient to cause the disqualification of a judge. In this case, the circumstances of the judge's oral pronouncement of his ruling are not sufficient to create a reasonable fear of bias or prejudice.

IV. Observations of Citizens Reported by Media
In support of the reasonableness of his claim of fear of bias, Petitioner has submitted reports from various media outlets that have quoted participants in the proceedings and other observers who have expressed views on the judge's possible bias against Petitioner. We do not find these media reports to be helpful in our determination of the issues raised by the petition.
The petition for writ of prohibition is denied with prejudice.
FULMER, DAVIS, and WALLACE, JJ., Concur.
NOTES
[1] The probate contest between Michael Schiavo as guardian of Theresa Schiavo and her parents, the Schindlers, has been the subject of three other written opinions of this court. See Schindler v. Schiavo (In re Guardianship of Schiavo), 800 So.2d 640 (Fla. 2d DCA 2001), review denied, 816 So.2d 127 (Fla. 2002) (table decision); Schindler v. Schiavo (In re Guardianship of Schiavo), 792 So.2d 551 (Fla. 2d DCA 2001); Schindler v. Schiavo (In re Guardianship of Schiavo), 780 So.2d 176 (Fla. 2d DCA), review denied, 789 So.2d 348 (Fla.2001) (table decision).